[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

OCT 2 6 2018 LM

Rogelio S. Dizon )
_____ )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
 )
v. )
 )
HC Joliet, LLC )
_____ )
_____ )
_____ )
_____ )
(Name of the defendant or defendants) )

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

CIVIL ACTION

**1:18-cv-07175**
**Judge Rebecca R. Pallmeyer**
**Magistrate Judge Sheila M. Finnegan**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Rogelio S. Dizon_ of the county of _Cook_ in the state of _Illinois_ .

3. The defendant is _HC Joliet, LLC_ , whose street address is _777 Hollywood Blvd._ , (city) _Joliet_ (county) _Will_ (state) _IL_ (ZIP) _60436_ (Defendant's telephone number) (_888_) – _436 – 7737_

4. The plaintiff sought employment or was employed by the defendant at (street address) _777 Hollywood Blvd._ (city) _Joliet_ (county) _Will_ (state) _IL_ (ZIP code) _60436_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a)☐ was denied employment by the defendant.

(b)☐ was hired and is still employed by the defendant.

(c)☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)____//____, (day)_____, (year)__2015__.

7.1 __(Choose paragraph 7.1 or 7.2, do not complete both.)__

(a) The defendant is not a federal governmental agency, and the plaintiff  [*check*

*one box*] ☑ has not ☑ has filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about

(month)_____ (day)_____ (year)_____.

(ii) ☑ the Illinois Department of Human Rights, on or about

(month)____//____ (day)__03__ (year)__16__.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☑ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received.  The

plaintiff has no reason  to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐      Yes (month)_____ (day)_____ (year) _____

☐      No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES    ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐     the United States Equal Employment Opportunity Commission has not issued

a *Notice of Right to Sue.*

(b) ☑     the United States Equal Employment Opportunity Commission has issued a

*Notice of Right to Sue*, which was received by the plaintiff on

(month)_____8_____ (day)__9__ (year)__18__ a copy of which

*Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

***those that apply***]:

(a) ☐   Age (Age Discrimination Employment Act).

(b) ☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13.     The facts supporting the plaintiff's claim of discrimination are as follows:

_See additional page_

14.     **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.     The plaintiff demands that the case be tried by a jury. ☐ YES     ☐ NO

16.     THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐     Direct the defendant to hire the plaintiff.

(b) ☐     Direct the defendant to re-employ the plaintiff.

(c) ☐     Direct the defendant to promote the plaintiff.

(d) ☐     Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐     Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑     Direct the defendant to (specify): Back Pay from the date discrimination occurred to the date the harm suffered is redressed and for loss of fringe benefits.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_____

(Plaintiff's name)

ROGELIO S. DIZON

(Plaintiff's street address)

_____

17248 71 ST CT # 8

(City) TINLEY PARK (State) IL (ZIP) 60477

(Plaintiff's telephone number) (708) – 518 – 1128

Date: / 10-86-18

Date when
you submit

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form

#17W1103.05

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2017CF0984 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) | |
|---|---|---|
| Mr. Rogelio S. Dizon | (708) 518-1128 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 17248 71st Court, Apt. 8 | Tinley Park, Illinois 60477 | M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| HC Joliet, LLC | 15+ | (815) 744-9400 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 777 Hollywood Blvd. | Joliet, Illinois 60436 | Will |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) | |
|---|---|---|
| National Origin | 7/14/16 | 7/14/16 |
| | ☐ CONTINUING ACTION | |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

<u>Technical Amendment</u>

This Technical Amendment is being made to correct Respondent's name.

DEPT. OF HUMA... ...TS
CASE DISPOSI... ...IT
R...
SEP 21 2017
...
E G E ...
BY ULL

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 20th DAY OF September, 2017

NOTARY SIGNATURE

"OFFICIAL SEAL"
Rebeca F. Pena
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 02/22/20

NOTARY STAMP

X _____ 09-20-2017
SIGNATURE OF COMPLAINANT        DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 7/12-INT)

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Rogelio S. Dizon<br>17248 71st Ct #8<br>Tinley Park, IL 60477 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2017-00235 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/FV*                 8/9/18

| Enclosures(s) | Julianne Bowman,<br>District Director | (Date Mailed) |
|---|---|---|

cc:

**HC JOLIET LLC**
c/o Robbie Butler
**Vice President of Human Resources**
777 Hollywood Blvd
Joliet, IL 60436

Charge Number: 2017CF0984
Complainant: Rogelio S. Dizon
Page 2 of 2

3. On July 14, 2016, I was discharged by Pam Molene (USA), Casino Manager. The reason given was for violating Respondent's attendance point system.

4. Similarly situated employees whose national origin is different from mine were not discharged under similar circumstances.

MFP/JJT/mfp

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

ROGELIO DIZON,

                COMPLAINANT,

AND

HC JOLIET, LLC

                RESPONDENT.

CHARGE NO.  2017CF0984
EEOC NO.   21BA70235

## NOTICE OF DISMISSAL
## FOR LACK OF SUBSTANTIAL EVIDENCE

Rogelio Dizon
17248 71st Court #8
Tinley Park, Illinois 60477

Robbie Butler
Vice President of Human Resources
HC Joliet, d/b/a Hollywood Casino
777 Hollywood Blvd.
Joliet, Illinois 60436

DATE OF DISMISSAL:  February 6, 2018

1.     YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(D) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED.

2.     If Complainant disagrees with this action, Complainant may:

    a) Seek review of this dismissal before the Illinois Human Rights Commission, 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below.  Respondent will be notified by the Human Rights Commission if a Request for Review is filed.

**REQUEST FOR REVIEW FILING DEADLINE DATE:  May 14, 2018**

Or,

    b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice.  A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed.

**Page 2**
**Notice of Dismissal for Lack of Substantial Evidence**
**2017CF0984**

> **If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings.** The Appellate Courts in <u>Watkins v. Office of the State Public Defender,</u> ___ Ill.App.3d ____, 976 N.E.2d 387 (1st Dist. 2012) and <u>Lynch v. Department of Transportation,</u> ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3. Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a written complaint with the appropriate circuit court.

4. If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Human Rights Commission, within fifteen days of the Human Rights Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

**PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL 312-869-8000 OR 1-800-669-4000.**

DEPARTMENT OF HUMAN RIGHTS

HB1509/HB59
NOD/LSE
12/10

**STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS
INVESTIGATION REPORT**

**Complainant:** Rogelio S. Dizon          **IDHR No.:**   2017CF0984
**Respondent:** HC Joliet, LLC           **EEOC No.:**   21BA70235

**Investigator:** AJC      **Supervisor:** CBD/          **Date**: September 29, 2017

**Issue/Basis**:                                    **Finding**:

A.     Discharge / national origin, Philippines.      A.     Lack of Substantial Evidence

**Jurisdiction:**

Alleged violations:                                A.     July 12, 2016 (Corrected)[1]
Charge filed:                                     November 3, 2016
Charge perfected:                            November 3, 2016
Technical Amendment:                   September 20, 2017
Number of employees:                    577

**Verified Response (Group Exhibit A):**

Due:              February 10, 2017
Received:        January 27, 2017
Timely:          Yes

**Employment Data**:

Respondent's 2015, Equal Employment Opportunity ("EEO") Summary **(Exhibit B)** indicates that during the applicable period, Respondent employed 577 individuals. Respondent's document indicates that Respondent employed 395 Service Workers, which encompasses Complainant's job title. Respondent's document does not include the national origin of its employees.

**Uncontested Facts**:

1.     Respondent is a barge-based casino located on the Des Plaines River in Joliet, Illinois.

2.     Respondent offers its guests two (2) levels of entertainment with 1,100 slot machines, 23 table games, and three (3) poker tables.

3.     On March 29, 1997, Respondent hired Complainant for the position of Table Games Dealer.

4.     On March 19, 2014, Complainant acknowledged receipt of Respondent's revised Attendance & Punctuality Policy.

5.     On July 12, 2016, Respondent terminated Complainant employment for reaching the level of termination under Respondent's Attendance Policy.

---

[1] The charge of discrimination filed on November 3, 2016, perfected November 3, 2016, incorrectly identifies the date Respondent discharged him as July 14, 2016. However, documentation contained within the Department's Investigation File indicates that on July 12, 2016, Respondent discharged Complainant.

Charge No. 2017CF0984
Page 2 of 10

## Complainant's Allegations-Count A:

Complainant, a former Table Games Dealer, alleges that on July 12, 2016, Respondent discharged him because of his national origin, Philippines. Respondent's reason for Complainants discharge was that he violated Respondent's attendance point system. Complainant alleges that on March 29, 1997, Respondent hired him as a Table Games Dealer, and that he met Respondent's legitimate expectations. Complainant alleges that on July 12, 2016, Pam Malone ("Malone") (Non-Philippines), Casino Operations Manager, discharged him for violating Respondent's attendance point system. Complainant alleges that under similar circumstances, similarly situated individuals who are not national origin, Philippines, were not discharged.

## Respondent's Defenses-Count A:

Respondent's articulated legitimate non-discriminatory reason for discharging Complainant on July 12, 2016, was Complainant accumulated over nine and one-half (9.50) attendance points in a rolling 12-month period. Respondent admits that on March 29, 1997, Respondent hired Complainant, but denies that Complainant met Respondent's legitimate expectations. Respondent admits that on July 12, 2016, Casino Operations Manager Malone, discharged Complainant for violating Respondent's attendance point system. Respondent denies that under similar circumstances, similarly situated individuals who are not national origin, Philippines, were not discharged.

## Investigation Summary-Count A:

A.    **Complainant's Evidence.**

1.    Complainant stated that Respondent is a casino located on the Des Plaines Rived in Joliet, Illinois. Complainant stated that on March 29, 1997, Respondent hired him for the position of Table Games Dealer.

2.    Complainant stated that he received a copy of Respondent's Employee Guidance Manual, and Respondent's Attendance and Punctuality Policy. Complainant stated that Respondent uses a point systems for absences and tardiness.

3.    Complainant stated that he reported to whoever the Supervisor was working during his shift. Complainant stated that the Supervisors would ask him to do favors for them by picking up additional shifts when Respondent was shorthanded. Complainant stated that he often worked overtime and usually picked up additional shifts on his days off work. Complainant stated that the Supervisors promised to do him favors back by adjusting his time if he came in late. Complainant stated that on one (1) occasion, a Supervisor changed his start time so that he wouldn't incur an attendance point for being tardy.

4.    Complainant stated that on Respondent July 12, 2016, Malone discharged him for accumulating nine and one-half (9.5) attendance points.

Charge No. 2017CF0984
Page 3 of 10

5. Complainant stated that he believes that his national origin, Philippines, was a factor in his discharge because Respondent didn't discharge all employees who were absent or tardy. Complainant further stated that he believes Respondent's Supervisors changed the start time of white employees so that they wouldn't be considered tardy.

6. Complainant stated male Supervisors told him to speak English. Complainant stated that he does not know approximate dates in which Supervisors told him to speak English or the names of the Supervisors who told him to speak English.

7. Complainant stated that Marina Cuautle ("Cuautle") (Non-Philippines), former Table Games Dealer, will be able to tell staff that Respondent allowed white employees to change their schedules.

8. Cuautle stated that Respondent picked on minorities and made accusations against minorities of things that they did not do. Cuautle stated that Complainant was being given double points for infractions of company rules while whites were not. Cuautle stated that Angela Miller ("Miller") (Non-Philippines), Table Games Dealer, was allowed to trade days off so she could take September 17 2016, and September 18, 2016, off work. Cuautle stated that Miller did not received any attendance points. Cuautle stated that other minorities were allowed to switch days off. Cuautle stated that Malone did not like any of the minorities and favored whites. Cuautle stated that on September 26, 2016, Respondent terminated her employment for accumulating too many points due to absenteeism.

B. **Respondent's Evidence.**

1. Respondent's 2015, EEO Summary **(Exhibit B)** indicates that during the applicable period, Respondent employed 577 individuals. Respondent's document indicates that Respondent employed 395 Service Workers, which encompasses Complainant's job title. Respondent's document does not include the national origin of its employees.

2. Robbie Butler ("Butler") (Non-Philippines), Vice President of Human Resources, stated that Respondent is a barge-based casino located on the Des Plaines River in Joliet, Illinois. Butler stated that Respondent offers its guests two (2) levels of entertainment with 1,100 slot machines, 23 table games, and three (3) poker tables.

3. Butler stated that on March 29, 1997, Respondent hired Complainant for the position of Table Games Dealer. Butler stated that Table Games Dealers are assigned certain games and must provide a high level of customer service. Butler stated that regular attendance is essential to the successful performance of a Table Games Dealer.

4. Respondent's Job Description for Table Games Dealer **(Exhibit C)** indicates that the position requires the individual to deal assigned games

Charge No. 2017CF0984
Page 4 of 10

and provide customer service in accordance with established policies and procedures. Respondent's job description further indicates that regular attendance in conformance with company standards is essential to the successful performance of the position. Respondent's document indicates that on April 14, 2010, Complainant signed Respondent's document to acknowledge that he received and read the job description.

5.      Kelly Rose ("Rose") (Non-Philippines), Human Resources Manager, stated that on January 30, 2011, Complainant acknowledged receipt of Respondent's Employee Guidance Manual which includes Respondent's employment policies such as Respondent's EEO Policy and Respondent's Attendance & Punctuality Policy.

6.      Respondent's May 1, 2006, EEO Policy (**Exhibit D**) indicates that it is policy of Respondent to give equal employment and advancement opportunities to all employees and applicants. Respondent's policy indicates that Respondent does not discriminate in employment opportunities or practices on the basis of race, color, religion, gender, national origin, age, disability, or any other characteristic protected by law. Respondent's policy indicates that if an employee has a question about any type of discrimination at work, he or she should promptly notify their immediate supervisor or Human Resources Department.

7.      Rose stated that on March 19, 2014, Complainant acknowledged receipt of Respondent's revised Attendance & Punctuality Policy.

8.      Respondent's March 17, 2014, Attendance & Punctuality Policy (**Group Exhibit E**) indicates that Respondent has an established No-Fault Attendance Policy that allows all cast members a consistent number of attendance occurrences within a rolling 12-month period. Respondent's policy indicates that absent is absent and late is late regardless of the reason. Respondent's policy indicates that absences, tardiness, and cast member-requested early outs are combined during counseling and when taking disciplinary action up to and including termination.

Respondent's policy indicates that an absence is defined as not reporting to any one (1) scheduled shift for any reason. Respondent's policy indicates that a tardy is defined as not clocking in at the scheduled time at the beginning of a scheduled shift. Respondent's policy indicates that each tardy over three (3) minutes is one-half (½) of an occurrence and any tardy over two (2) hours is counted as one (1) occurrence. Respondent's policy indicates that if a cast member has worked half of more of his or her shift and is granted an early out, he or she will receive one-half (½) an occurrence. Respondent's policy indicates that if the employee has worked less than half of the assigned shift and requests and is granted an early out, he or she will receive one (1) occurrence. Respondent's policy indicates that after a cast members' first six (6) tardiness's in a rolling 12-month period, all further tardiness's will be considered excessive and thereafter will be counted as one (1) occurrence each.

Charge No. 2017CF0984
Page 5 of 10

Respondent's policy indicates that when a cast member accumulates three (3) occurrences within a rolling 12-month period, the cast member will receive a written notification of his or her attendance. Respondent's policy indicates that when a cast member accumulates seven (7) occurrences within a rolling 12-month period, the cast member will receive a second written notification of his or her attendance. Respondent's policy indicates that if a cast member accumulates nine (9) occurrences in a rolling 12-month period, the cast member will be terminated.

Respondent's policy indicates that all cast members have the opportunity to trade a shift with another coworker provided that it is approved by management and does not cause overtime. Respondent's document indicates that the proper form must be filled out prior to the date of the shift trade. Respondent's document indicates that once a form is signed by both parties and the department supervisor, it is an official shift trade and if either cast member fails to show up for the traded shifts, the appropriate occurrence points will be given.

9. Respondent's March 19, 2014, Acknowledgement Form **(Exhibit F)** indicates that on said date, Complainant acknowledged receipt of Respondent's revised policies, including Respondent's Attendance & Punctuality Policy.

10. Sherree Henkaline ("Henkaline") (Non-Philippines), Assistant Manager stated that all of Respondent's Table Game Dealers have an employee badge that they use to clock in and out of work. Henkaline stated that employees are expected to arrive to work on time and stay for their whole scheduled shift. Henkaline stated that employees must have

11. Rose stated that on January 12, 2015, Complainant accumulated his third occurrence within a 12-month period. Rose stated that Respondent issued Complainant notice that he has three (3) attendance occurrences.

12. Respondent's February 25, 2015, Cast Member 3 Occurrence Attendance Notification **(Exhibit G)** indicates that on said date, Respondent informed Complainant that an additional six (6) occurrences within a 12-month period will result in the termination of his employment.

13. Rose stated that on April 7, 2016, Complainant accumulated his seventh occurrence within a 12-month period. Rose stated that Respondent issued Complainant notice that he has seven (7) attendance occurrences.

14. Respondent's April 25, 2016, Cast Member 7 Occurrence Attendance Notification **(Exhibit H)** indicates that on said date, Respondent informed Complainant that an additional two (2) occurrences within a 12-month period will result in the termination of his employment.

Charge No. 2017CF0984
Page 6 of 10

15. Pam Malone ("Malone") (Non-Philippines), Casino Operations Manager, stated that on July 7, 2016, Complainant accumulated his 9th point within in a 12-month period.

16. Respondent's January 20, 2015, Job Description for Casino Operations Manager **(Exhibit I)** indicates that Respondent requires the individual to oversee the casino for adherence to company and governmental policies and regulations. Respondent's job description indicates that the individual is to ensure the delivery of superior customer service and excellent guest interactions. Respondent's job description further indicates that the individual is responsible for coaching and motivating subordinates for improved performance.

17. Respondent's July 22, 2015, July 7, 2016, Kronos/Electronic Time Records for Complainant **(Exhibit J)** indicates the following:

    1. On July 22, 2015, Complainant left work early;
    2. On September 18, 2015, Complainant was tardy;
    3. On October 14, 2015, Complainant was tardy;
    4. On October 19, 2015, Complainant was tardy;
    5. On December 22, 2015, Complainant was tardy;
    6. February 17, 2016, Complainant was absent;
    7. On March 7, 2016, Complainant was tardy;
    8. On March 23, 2016, Complainant was tardy;
    9. On April 6, 2016, Complainant was tardy;
    10. On April 15, 2016, Complainant was tardy;
    11. On April 28, 2016, Complainant was tardy; and
    12. On July 7, 2016, Complainant was tardy.

18. Malone stated that on July 12, 2016, she informed Complainant that Respondent was terminating his employment for incurring nine (9) attendance points within a 12-month period.

19. Respondent's July 12, 2016, Cast Member Attendance Termination Notification **(Exhibit K)** indicates that on said date, Respondent terminated Complainant employment for reaching the level of termination under Respondent's Attendance Policy. Respondent's document indicates that Complainant had the following attendance occurrences:

    1. On July 22, 2015, Complainant incurred one (1) point for an early out;
    2. On September 18, 2015, Complainant incurred ½ point for being tardy;
    3. On October 14, 2015, Complainant incurred ½ point for being tardy;
    4. On October 19, 2015, Complainant incurred ½ point for being tardy;
    5. On December 22, 2016, Complainant incurred 1/2 point for being tardy;

Charge No. 2017CF0984
Page 7 of 10

*Mistake*

6.  On February 17, 2017, Complainant incurred one (1) point for being absent;
7.  On March 7, 2016, Complainant incurred ½ point for being tardy;
8.  On March 23, 2016, Complainant incurred one (1) point for being tardy;
9.  On April 6, 2016, Complainant incurred one (1) point for being tardy;
10. On April 15, 2016, Complainant incurred one (1) point for being tardy;
11. On April 28, 2016, Complainant incurred one (1) point for being tardy;
12. On July 7, 2016, Complainant incurred one (1) point for being tardy.

20. Assistant Manager Henkaline stated that it is possible for employees to switch days off with another employee if it is approved by a supervisor in advance. Henkaline stated that Respondent did not discharge Miller because Miller did not accumulate nine (9) attendance points within a 12-month period.

21. Respondent's January 16, 2015, through July 4, 2016, Attendance Tracker for Miller **(Exhibit L)** indicates that during said period, Miller used Family Medical Leave Act ("FMLA") time on 31 occasions. Respondent's document indicates that during said period, Respondent issued Miller a five (5) point notice and a 7.5-point notice.

22. Butler stated that from July 3, 2014, through April 21, 2016, prior to Complainant's discharge date of July12, 2016, Respondent discharged 12 individuals as a result of violating Respondent's Attendance & punctuality Policy. Butler stated that of the 12 individuals discharged, 12 (100%) are national origin, non-Philippines. Butler stated that Respondent's termination documentation which she provided to IDHR is retrieved from Respondent's Human Resources Information System, Cognos Business Intelligence Software, and exported into an excel spreadsheet for submission to IDHR.

23. Respondent's July 1, 2014, through April 21, 2016 Attendance Policy Terminations **(Exhibit M)** indicates that prior to Complainant's discharge date of July12, 2016, Respondent discharged 12 individuals due to absenteeism and tardiness. All 12 individuals (100%) were national origin, non-Philippines.

24. Butler stated that on October 7, 2016, Respondent hired S.D. ("S.D.") (non-Philippines), Table Games Dealer, to replaced Complainant. Butler stated that Respondent's replacement for Complainant documentation which she provided to IDHR is retrieved from Respondent's Human Resources Information System, Cognos Business Intelligence Software, and exported into an excel spreadsheet for submission to IDHR.

Charge No. 2017CF0984
Page 8 of 10

25. Respondent's October 7, 2016, Dealer Replacement for Complainant **(Exhibit N)** indicates that on said date, Respondent hired S.D. (non-Philippines) for the position of Table Games Dealer.

C. **Complainant's Rebuttal.**

1. Complainant concedes that he was tardy and/or absent on all occasions that he was discharged for.

2. Complainant stated that he has a big heart and accepts whatever Respondent says.

3. Complainant stated that he was very flexible and worked a lot of overtime for Respondent.

4. Complainant stated that he received write ups for arriving to his work station later.

5. Complainant stated that in 2015, he was accused of doing something at work and Malone has been after him ever since.

**Analysis-Count A:**

There is no evidence that on July 12, 2016, Respondent discharged Complainant because his national origin, Philippines. Respondent's March 17, 2014, Attendance & Punctuality Policy **(Group Exhibit E)** indicates that Respondent has an established No-Fault Attendance Policy that allows all cast members a consistent number of attendance occurrences within a rolling 12-month period. Respondent's policy indicates that when a cast member accumulates three (3) occurrences within a rolling 12-month period, the cast member will receive a written notification of his or her attendance. Respondent's policy indicates that when a cast member accumulates seven (7) occurrences within a rolling 12-month period, the cast member will receive a second written notification of his or her attendance. Respondent's policy indicates that if a cast member accumulates nine (9) occurrences in a rolling 12-month period, the cast member will be terminated. Respondent also did not treat similarly situated non-black and/or male employees more favorably than Complainant. Documented evidence **(Exhibit M)** indicates that from July 1, 2014, through April 21, 2016 prior to Complainant's discharge date of July12, 2016, Respondent discharged 12 individuals due to absenteeism and tardiness. All 12 individuals (100%) were national origin, non-Philippines.

**Findings and Conclusion-Count A:**

A finding of **Lack of Substantial Evidence** is recommended because:

The evidence shows that on July 12, 2016, Respondent discharged Complainant for accumulating 9.5 attendance points in a rolling 12-month period, that is consistent with Respondent's Attendance & Punctuality Policy. Documented evidence indicates that from July 1, 2014, through April 21, 2016 prior to Complainant's discharge date of July12, 2016, Respondent discharged 12 individuals due to absenteeism and tardiness. All 12 individuals (100%) were national origin, non-Philippines. There is no evidence of a nexus between the

Charge No. 2017CF0984
Page 9 of 10

alleged incidents and Complainant's national origin. There is no evidence of an animus based on national origin. There is no substantial evidence that Respondent discharged Complainant based on his national origin. Complainant has failed to establish a prima facie case of national origin based discrimination.

**Witness List:**

A.     Complainant (Philippines)       (CPI, FFC)
Former Table Games Dealer
17248 71st Court, Apt. 8
Tinley Park, Illinois 60477
(708) 815-1128

B.     Robbie Butler (Non-Philippines)       (FFC)
Vice President of Human Resources
HC Joliet, LLC
777 Hollywood Blvd
Joliet, Illinois 60436
(815) 927-2414

C.     Kelly Rose (Non-Philippines)       (FFC)
Human Resources Manager
C/o Robbie Butler, Vice President of Human Resources
HC Joliet, LLC
777 Hollywood Blvd
Joliet, Illinois 60436
(815) 927-2414

D.     Pam Malone (Non-Philippines)       (FFC)
Casino Operations Manager
C/o Robbie Butler, Vice President of Human Resources
HC Joliet, LLC
777 Hollywood Blvd
Joliet, Illinois 60436
(815) 927-2414

E.     Sherree Henkaline (Non-Philippines)       (FFC)
Assistant Manager
C/o Robbie Butler, Vice President of Human Resources
HC Joliet, LLC
777 Hollywood Blvd
Joliet, Illinois 60436
(815) 927-2414

F.     Marina Cuautle (Non-Philippines)       (Witness Interview 01/12/17, 03/22/17)
Former Table Games Dealer
1711 Prairie Wind
Joliet, Illinois 60435
(815) 630-8496

# ★ PERFECT ATTENDANCE AWARD ★



**Hollywood Casino Joliet**

**Proudly Recognize**

**Rogelio Dizon**

for perfect attendance during 2012

*Wayne Smith*
Wayne Smith, Vice President & General Manager

*Robbie Butler*
Robbie Butler, Vice President of Human Resources

# EMPRESS
## CASINOS · HOTELS

# Employee Achievement Notice

Employee Name: _Rogelio Dixon_  Date: _8/25/02_

Social Security Number: _____  Department: _Games_  Position: _Dealer_

## Achievement(s):

| | | | | | |
|---|---|---|---|---|---|
| Performed Over and Above Job Requirements | | Promotes High Morale and Spirit | | Marked Improvement in Job Performance | |
| Outstanding Guest Service | X | Developed Cost Effective or Time Saving Idea | | Some Improvement in Job Performance | |
| Exemplary Role Model for Co-Workers | | Consistently Assists Co-Workers Without Being Asked | | Other: | |

Description of Issue: _Rogelio received a guest comment card for doing an excellent job and his guest service was outstanding._

Comments: _Thank you Rogelio - keep up the great work ☺_

Employee Signature: _____ 97057852

Department Head (optional): _____

Supervisor Signature: _____ 9200.6882   _Emerjun_

Human Resources Manager: _____

White: Employee          Yellow: Human Resources          Pink: Department

# Congratulations!!
## Finalists for the Employee of the Month for October-November-December

Sue Bulliner—QA Tech
Balvina Jaime—Utility Worker
Rogelio Dizon—Dealer
Christopher Canela—Cage Cashier
Diego Posada—Valet Service Worker
Tamu Underwood—Cook I
Sherry Serrano—Cocktail Server
Joseph Straub—FTO Security
Donna Hagenow—Slot Rep/Dual Rate
Angel Serrano—Bartender

## Finalists for the Leader of the 4th Quarter

Andrew Ohlson—F&B Supervisor
James Kowalski—Games Supervisor
Travis Young—Cage Shift Manager

Winners will be announced on January 23, 2009 at the Employee Event




# DELIVERING STAR TREATMENT!

Red Carpet Customer Service

PENN NATIONAL GAMING, INC.

**Participant Workbook**

# Certificate of Appreciation

*This certificate is presented to*

## Rogelio Dizon

*For your Five Years of dedication and commitment.*
*The Empress Casino*
*would like to Congratulate and Thank You*
*for all you have done.*

**Management & Staff of Argosy's Empress Casino**



*Congratulations!!*
*Rogelio Dizon*
*You make a difference.*
*You have been nominated for Employee of the Month. This is a prestigious award please consider it a great honor to be nominated. The winner will be announced on*
*January 23, 2009*
*GOOD LUCK!!*

*Executive Team*
*Frank Quigley, Joe Mcbride, Jan Wickenhauser, Jose Flores, Michelle Bell, Mike Nott and Toni Johnson*



# PERFECT ATTENDANCE LUNCHEON

Congratulations to the 76 cast members who had **perfect attendance for 2012.**

We had a great time celebrating with these cast members with a luncheon in their honor.



5

# Certificate of Completion



## ROGELIO DIZON

*Has successfully completed the 4-hour Penn National Gaming Red Carpet Customer Service Training class and is hereafter a Red Carpet Ambassador, and hereby charged with treating ALL Penn National Gaming customers like STARS.*

_____
**Trainer**

_____
**Jan Wickenhauser**




EMPRESS
RIVER CASINO

# Employee Achievement Notice

Employee Name: __Rogelio Dixon__    Date: __1/2/99__

Social Security Number: _____    Department: __Gameo__    Position: __DLR__

EISWG

## Achievement(s):

| | | | | | |
|---|---|---|---|---|---|
| Performed Over and Above Job Requirements | | Promotes High Morale and Spirit | | Marked Improvement in Job Performance | |
| Outstanding Guest Service | | Developed Cost Effective or Time Saving Idea | | Some Improvement in Job Performance | |
| Exemplary Role Model for Co-Workers | X | Consistently Assists Co-Workers Without Being Asked | | Other: | |

Description of Issue: _Reported to work under extremely difficult weather conditions. We appreciate your efforts_

_Thank You_

Comments: _____

Employee Signature: _Dixon    97057852_

Department Head (optional): _____

Supervisor Signature: _____ 92006882_

Human Resources Manager: _____

White: Employee          Yellow: Human Resources          Pink: Department