IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGELIO DIZON,<br><br>Plaintiff,<br><br>v.<br><br>HC JOLIET, LLC<br><br>Defendant. | Case No. 18-cv-07175<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT HC JOLIET, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(5) AND 12(B)(6)**

Defendant HC Joliet, LLC ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## INTRODUCTION

On October 26, 2018, Plaintiff Rogelio Dizon filed his boilerplate *pro se* form Complaint of Employment Discrimination ("Complaint") which purports to assert a claim of national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Defendant. (ECF No. 1). Plaintiff's Complaint should be dismissed for two primary reasons: (1) for vastly untimely service 7 months after the filing of the Complaint in flagrant violation of Rule 4(m) pursuant to Rule 12(b)(5); and (2) for failure to state a claim pursuant to Rule 12(b)(6) as the Complaint is completely void of any factual averments which support, and provide Defendant with notice of, his claim.

*First*, Plaintiff did not attempt to serve his Complaint on Defendant after the Complaint was filed and, indeed, a summons was not issued until May 2019 pursuant to the Court's Order,

*see* ECF No. 15, and Defendant was not served with the Complaint until June 4, 2019 – approximately 7 months after the Complaint was filed. Accordingly, Plaintiff's Complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process for violation of Rule 4(m) which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the Court--on motion or on its own--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, Plaintiff waited for approximately 7 months to even *attempt* to serve the Complaint and there is no evidence that Plaintiff had good cause for such vastly untimely service. Plaintiff's untimely delay in serving the Complaint has and will prejudice Defendant's defense of the matter and result in the consequences that Rule 4(m) and the 90-day time period requirement of Title VII were designed to prevent – delay in employment cases because of diminishing recollections, and the availability of witnesses. Moreover, Seventh Circuit precedent is clear that Plaintiff's *pro se* status does not excuse Plaintiff's failure to timely serve his Complaint. Accordingly, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5).

*Second*, Plaintiff's Complaint is completely void of any factual support for his claim and, in fact, contains no factual averments at all. (*See*, *e.g.*, Compl. ¶ 13) (in paragraph of form Complaint Of Employment Discrimination requiring "facts supporting the plaintiff's claim of discrimination," Plaintiff simply states "see additional page" although no factual allegations are included in, or attached to, the Complaint). Rule 8 of the Federal Rules of Civil Procedure requires far more than provided in Plaintiff's Complaint. Even construing Plaintiff's *pro se* Complaint liberally, Plaintiff's Complaint simply fails to state cognizable claim for relief and does not provide Defendant with fair notice of Plaintiff's claim or the grounds upon which it rests.

Defendant should not be compelled to engage in a lengthy litigation process on the basis of a Complaint which fails to meet the most basic pleading requirements under the Federal Rules of Civil Procedure and does not place Defendant on notice of Plaintiff's claim – particularly where the Illinois Department of Human Rights and the United States Equal Opportunity Commission have conclusively determined that there is *no* evidence to support Plaintiff's underlying charge. Accordingly, Plaintiff's Complaint should also be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## SUMMARY OF RELEVANT ALLEGATIONS

### I. Procedural History

On October 26, 2018, Plaintiff filed his Complaint. (ECF No. 1). Plaintiff subsequently filed a motion for attorney representation and an application for leave to proceed *in forma pauperis* and a motion for attorney representation. (ECF Nos. 4-5). On October 30, 2019, the Court denied Plaintiff's motion for attorney representation, and granted his motion to proceed *in forma pauperis*. (ECF No. 8). Plaintiff subsequently re-filed his Complaint on October 30, 2018. (ECF No. 10).

### II. Plaintiff's Complaint

Plaintiff's Complaint purports to assert a claim against Defendant for national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Compl. ¶ 9). However, Plaintiff's Complaint also checks the following boxes regarding Defendant's alleged conduct: "(b) terminated the plaintiff's employment," "(e) failed to reasonably accommodate the plaintiff's disabilities," and "(f) failed to stop harassment." (*Id.* ¶ 12). Furthermore, in the paragraph of Plaintiff's Complaint requiring "facts supporting the plaintiff's claim of discrimination," Plaintiff simply states "see additional page," however no such page is included in Plaintiff's Complaint. (*Id.* ¶ 13).

3

Plaintiff's Complaint also attaches: (1) a Charge of Discrimination filed with the Illinois Department of Human Rights dated September 20, 2017 which purports to allege national origin discrimination, (*Id.*, Charge of Discrimination); (2) a Illinois Department of Human Rights Investigation Report dated September 29, 2017 which concluded:

> There is no evidence of a nexus between the alleged incidents and Complainant's national origin. There is no evidence of an animus based on national origin. There is no substantial evidence that Respondent discharged Complainant based on his national origin. Complainant has failed to establish a prima facie case of nation origin based discrimination.

(*id.*, Investigation Report at 8); (3) a Notice of Dismissal for Lack of Substantial Evidence issued by the Illinois Department of Human Rights dated February 6, 2018, which "determined that there is NOT substantial evidence to support the allegations of the charge(s)," (*id.*, State of Illinois Department of Human Rights Notice of Dismissal For Lack of Substantial Evidence at 1); and (4) a Dismissal and Notice of Rights issued by the United States Equal Employment Opportunity Commission dated August 9, 2018 which "adopted the finding of the state or local fair employment practices agency that investigated this charge" and provided 90 days for Plaintiff to file a lawsuit in federal or state court. (*Id.*, U.S. Equal Opportunity Commission, Dismissal and Notice of Rights at 1).

Plaintiff's Complaint purports to seek "[b]ack pay from the date discrimination occurred to the date the harm suffered is redressed and for loss of fringe benefits." (*Id.* ¶ 16.) Plaintiff also seeks, "[i]f available. . . .appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* ¶ 16(f).)

**ARGUMENT**

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR UNTIMELY SERVICE PURSUANT TO RULE 12(B)(5)

#### A. Legal Standard

Rule 12(b)(5) provides for dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The fact that a defendant is ultimately served outside the time period does not mean that the Court cannot dismiss the case. *Levy v. Pappas*, 2006 WL 1994554, at *4 (N.D. Ill. July 13, 2006), aff'd, 510 F.3d 755 (7th Cir. 2007) (citing *Geiger v. Allen*, 850 F.2d 330, 332 (7th Cir. 1988) (interpreting former Rule 4(j), which was subsequently replaced by Rule 4(m), and noting that "Rule 4(j) applies equally to defendants who were never served and defendants who were served after the 120–day period had lapsed. [Otherwise], the ability of a defendant to move for dismissal for failure to comply with Rule 4(j) would be virtually meaningless, since many defendants will not be aware that an action is pending until they are served.")).

#### B. Plaintiff Has Not, And Cannot, Demonstrate "Good Cause" Requiring An Extension of Time For Service

The Seventh Circuit has noted that "good cause" for purposes of Rule 4(m) means "a valid reason for delay such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). At the very least, "some showing of reasonable diligence is required before good cause is established." *Pearson v. Metz Baking Co.*,

5

1998 WL 312018, at *2–3 (N.D. Ill. 1998) (citing *Scott v. Guarantee Reserve Life Ins. Co.*, 1998 WL 177954,*2 (N.D. Ill. 1998); *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993)).

Here, Plaintiff has not and cannot demonstrate "good cause" for serving Defendant approximately 7 months after the Complaint was filed, and approximately 4 months after the 90-day time limit in Rule 4(m) lapsed. Indeed, to Defendant's knowledge, Plaintiff never even *attempted* to serve Defendant until the Court's Order directing summons to issue on May 29, 2019. (*See* ECF No. 29). Accordingly, "good cause" simply does not exist which would require the Court to extend Rule 4(m)'s time limits for service.

      **C.**      **The Court Should Decline To Exercise Discretion To Excuse Plaintiff's Vastly Untimely Service**

The Court may nonetheless, in its discretion, extend the time for service if there was no good cause for missing the deadline. *Coleman*, 290 F.3d at 934 ("Thus there is justifiable delay ('good cause'), but there is excusable neglect as well, as grounds for extension. In the first case, that of good cause, an extension is mandatory; in the second, that of excusable neglect, it is permissive, and the judge must be affirmed provided he did not abuse his discretion.") (citation omitted)). The Seventh Circuit has clearly held that "the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the [90] days provided by the rule." *Id.* at 934.

Here, Defendant did not receive actual notice of the Complaint within a short time after filing. Rather, Defendant was only made aware of this action once served significantly after the lapse of Rule 4(m)'s time period. Indeed, Plaintiff waited approximately 7 months to even *attempt* to serve the Complaint following its filing. To Defendant's knowledge, and based on the Court's docket, Plaintiff also never requested that the service deadline be extended, nor has the Court granted such an extension. As a result, Plaintiff will be prejudiced in its defense of the

6

57600434v.1

case as a result of the delay in service. *See*, *e.g.*, *Scott*, 1998 WL 177954,*2 ("The 90–day time period required by Title VII indicates that Congress did not want any delays in employment discrimination cases because 'memories may fail in the workplace in recalling the minutia of what was said and what was done.' In addition, the statute of limitations period in employment cases is short because back pay obligations aggregate quickly and it becomes more difficult to reintegrate a terminated worker into the workforce with each day that passes before a dispute is resolved.") (quoting *Sanders v. Venture Stores, Inc*., 56 F.3d 771, 775 (7th Cir. 1995)).

Further, Plaintiff's *pro se* status does not excuse ignorance of the timing requirements contained in Rule 4(m). *See, e.g.*, *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995) ("Even uncounseled litigants must act within the time provided by statutes and rules. '[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (quoting *McNeil v. United States,* 113 S.Ct. 1980, 1984 (1993)); *see also Pearson*, 1998 WL 312018, at *2–3 ("Plaintiff's pro se status is no excuse for her failure to abide by the Federal Rules of Civil Procedure and in no way constitutes good cause for serving Defendant long after the 120-day period expired."); *Scott*, 1998 WL 177954, at *4 ("pro se plaintiffs are not exempt from complying with Rule 4(m)").

Finally, while Plaintiff's claim(s) may ultimately be time-barred if the Complaint is dismissed, courts routinely dismiss complaints under such circumstances – particularly where, like here, there is a considerable delay in service. *See, e.g.*, *Levy*, 2006 WL 1994554, at *6 ("The Court is also aware, as plaintiffs concede, that their claims against Crawley and Cook County will be time-barred if the Court does not extend the deadline for serving defendants. . . . As is stands, plaintiffs have no one but themselves to blame for their failure to serve these defendants before the statute of limitations had run.") (internal citation omitted); *Coleman*, 290 F.3d at 934

7

(affirming district court's dismissal for untimely service even where "dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run. . . ." and the district court did not overlook any factors for exercising discretion in favor of the plaintiff); *Scott*, 1998 WL 177954, at *4 (declining to extend the time for service of *pro se* complaint despite the fact that dismissal "will forever bar [plaintiff's] claims" which did not "overcome the prejudice that [defendant] had suffered because of the extensive delay in this case."); *McCullum v. Silver Cross Hosp.*, 2001 WL 969076, at *4 (N.D. Ill. 2001) (dismissing complaint for untimely service where claim would further be barred by statute of limitations noting that "this case simply does not present the kind of reasons that would justify the Court's leniency absent good cause shown.").

Accordingly, Defendant respectfully requests that Plaintiff's Complaint should be dismissed where Plaintiff failed to even attempt service until approximately 7 months following the filing of the Complaint, Plaintiff cannot establish good cause for this failure, and the circumstances of the significant delay in service will prejudice Defendant.

## IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Legal Standard

Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state a claim to relief that is plausible on its face" and presents nothing more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 533, 557 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he plausibility standard calls for a 'context-specific' inquiry that requires the court to draw on its judicial experience and common sense" and requires the plaintiff to allege "specific facts to support the legal claims asserted in the complaint." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012).

B. **Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

While Defendant acknowledges that Plaintiff's *pro se* Complaint should be liberally construed, Plaintiff's Complaint nonetheless fails to satisfy the notice-pleading standard which requires that a complaint provide a "'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (citing *Twombly*, 550 U.S. 544; Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff's Complaint simply fails to rise to this level even when held to a less stringent *pro se* pleading standard than formal pleadings drafted by attorneys. Not only does the Complaint fail to provide Defendant with fair notice of his claim, it does not contain **any** factual averments supporting his claim of discrimination. (*See*, *e.g.*, Compl. ¶ 13).

In light of the complete lack of factual averments in the Complaint, Defendant simply has no notice of Plaintiff's claim, and it would likely be impossible for Defendant to answer the Complaint as drafted. Under such circumstances, dismissal is appropriate for failure to state a claim. *See*, *e.g.*, *Carpenter v. All. Petroleum Co.*, 1997 WL 539659, at *2 (N.D. Ill. 1997) (granting motion to dismiss pro se complaint where "[plaintiff's] complaint is a two paragraph narrative which does not contain any numbered paragraphs. While we realize that [plaintiff] is proceeding pro se in this case, the Federal Rules apply to all litigants in this court and must be followed by them."); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 379 (7th Cir. 1988) (upholding dismissal of *pro se* complaint and stating: "Similarly, despite the liberality with which civil rights complaints are read, there is nothing in the plaintiff's allegations which supports an equal protection claim."); *Lyles v. Fairman*, No. 94 C 3494, 1995 WL 609317, at *3 (N.D. Ill. 1995) ("Even construing this pro se plaintiff's complaint liberally . . . . this court finds no allegation or factual basis for deliberate indifference on the part of any of the defendant.")

9

(citations omitted); *Tucker v. Bank One, N.A.*, 265 F. Supp. 2d 923, 925–26 (N.D. Ill. 2003) ("Despite the broad notice pleading policy of the federal rules, even a pro se complaint must provide enough information to enable the defendants to respond in their own defense. . . . [Defendant] cannot be expected to defend itself against allegations as vague as these.")

Moreover, Plaintiff's Complaint checks form boxes regarding Defendant's alleged actions which are arguably inconsistent with the claim he purports to be asserting, which would be outside the scope of his underlying charge with the Illinois Department of Human Rights. (*Cf. id.* ¶ 9 alleging a claim for Title VII national origin discrimination) & (*id.* ¶ 12 alleging that Defendant failed to reasonably accommodate the plaintiff's disability and failed to stop harassment). Accordingly, to the extent that Plaintiff's Complaint claims other than for national origin discrimination – which is unclear within the four corners of the Complaint – Plaintiff's claims would be subject to dismissal on this additional basis. *See*, *e.g.*, *Buchanan v. Cook Cty.*, 2013 WL 2637875, at *1 (N.D. Ill. 2013) (Pallmeyer, J.) (dismissing Title VII claim for race discrimination as beyond the scope of plaintiff's charge of discrimination filed with the EEOC) (citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge" which is a "condition precedent with which Title VII plaintiffs must comply" because "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charge party of notice of the charge.")). This inconsistency further underscores that Plaintiff's Complaint fails plausibly state a claim for relief, fails to provide Defendant with sufficient notice of his claim, and that it would likely be impossible for Defendant to answer the Complaint.

## **CONCLUSION**

While Plaintiff's *pro se* Complaint should be held to a liberal pleading standard, Plaintiff's Complaint should be dismissed where Plaintiff has created a significant delay in through his failure to timely serve the Complaint *and* has failed to state a claim upon which relief can be granted which warrants dismissal. Accordingly, Defendant respectfully requests that the Court enter an order dismissing Plaintiff's Complaint.

**DATED**: June 25, 2019                                   Respectfully submitted,

                                                          HC JOLIET, LLC


                                                          By /s/ Thomas E. Ahlering
                                                              One of Its Attorneys

Thomas E. Ahlering
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Tel:   (312) 460-5000
Fax:  (312) 460-7000
tahlering@seyfarth.com

*Attorney for Defendant HC Joliet, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 25, 2019, he caused the foregoing to be filed with the Clerk of the Court via the Court's electronic case filing/ecf system, which will cause delivery of the foregoing to Plaintiff, and also sent a copy of the foregoing by U.S. Mail, First Class to the address below:

> Rogelio Dizon
> 17248 71st St Ct., #8
> Tinley Park, IL 60477

/s/Thomas E. Ahlering

57600434v.1