# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGELIO DIZON | ) |
| Plaintiff | ) Case Number: 18-cv-07175 |
| | ) |
| v. | ) Judge: Hon. Rebecca R. Pallmeyer |
| | ) |
| HC JOLIET, LLC | ) Magistrate Judge: |
| Defendant | ) |

FILED JUL 22 2019 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

## RESPONSE TO MOTION TO DISMISS

This is my response to the Defendant's motion to have my civil case dismissed. The Defendant is claiming they did not receive notice of summons in a timely manner. My original complaint was filed with the district court on October 26, 2018. I was waiting for the court to approve the lawsuit, to my understanding the court would notify the Defendant through the Marshall. I had a status hearing on January 8, 2019 at that time the judge indicated that the Defendant had not been notified and the court would send them the notification. On March 7, 2019 I appeared in front of the judge but the Defendant did not appear. The hearing was rescheduled for April 19, 2019 at which time the Defendant did not appear again. There was a 4th hearing set for May 29, 2019 and again the Defendant did not appear. The Judge indicated to me at that time she would make sure that the Defendant would be notified.

This complaint is based on various incidents of discrimination, defamation of character, harassment and hostile working conditions from the Hollywood Casino because of my Philippine origin. The casino handbook outlines certain policies and procedures that I feel were not followed equally amongst me and other "non-Philippine" origin employees in the same position. I was mistreated, skipped over for my required timely breaks, given points for being tardy and absences that were held to a different standard then other dealers and not according to company policy, disrespected, and retaliated against.

I have worked for the Hollywood Casino from March 29, 1997 to July 12, 2016 as a Table Games Dealer, this was the day I was terminated from my job. My natural origin is Philippines. According to the termination notification I was terminated for being in violation of the company point attendance system. The policy for the attendance system states that each tardy would be ½ of a point for each tardy less than two hours into the start of the shift, I had to drive daily to work to a busy highway and this caused me sometimes to arrive late to work. The point system allows employees a consistent number of attendance occurrences within a rolling 12-month period, to be used at the employees' discretion.

In 2015 a customer falsely accused me of being rude. Often when players are losing money they retaliate against dealers by making false accusations. I was called in the office by Pam Molone and John Allison, casino managers, after an investigation Mr. Allison stated that he knew that I didn't do anything wrong. After that incident Pam Molone started harassing me and took advantage of her position as a manager and changed the policy against me. Instead of giving me ½ point for a tardy she gave me a full point for March 23, April 6, April 15, April 28 and July 7 of 2016. This caused a speedier time frame for my termination. SEE ATTACHED PAGES 2, 3, USM-285 & SUMMARY OF CHART OCCURRENCES

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I was also harassed and humiliated by other supervisors and constantly told to speak English, this was a way for them to make fun of my accent. I was often skipped over from my required breaks and put to deal in a $5.00 table, known to be the worst table.

Non-Philippine individuals had better privileges and treated differently than minorities, as an example: Angela Miller was given the weekend of September 17 & 18 to attend her brother's wedding and managers switched her working days so she could have the weekend off, and they did not issue her any points. This privilege was never offered to me. This was just one example that clearly shows how non-Philippine individuals are given a better treatment. Statements were also made to me by managers "we made the rules and we can bend them too".

I came to work one day with a swollen foot and asked the manager to accommodate me by assigning me to a "sit down" table but they denied my request stating they needed me at the craps table.

There were days when I was asked to wait at the end of my shift to make sure everyone showed up for the replacement shift in case someone was late or did not come in. They asked me to stay and cover for that person while not asking any other non "Philipine" dealer to do the same.

All of these situations that I have described created a very hostile work environment for not only me but other dealers as well. HC claims they have an open door policy and pride themselves on customer service; clearly this only applies to some and not others. There was no equal treatment there, supervisors had their favorite dealers and customers and did not follow company protocol the same for everyone. I have always prided myself on a good strong work ethic with a high sense of integrity and have worked hard my entire life. This whole experience has caused me great pain and suffering, emotional turmoil as well as monetary losses. It continues to be a burden to me today.

I have clearly explained that there were multiple violations to my civil rights according to Title VII of the Civil Rights ACT of 1964. This prohibits employers from discriminating against employees on the basis of sex, race, color, national origin and religion. I was denied accommodations with a swollen foot even when I was willing to work. This is according to "Federal law on disability accommodations is very clear and fair – employers must provide a reasonable accommodation as long as it causes no undue burden".

I was not protected by my employer, the Defendant, instead I was retaliated against which created a hostile work environment. I was also not protected against the harassment and humiliation. I was treated differently than "non-Philippine" workers.

Attachments:
Docket #1641576, 704 Attendance & Punctuality
Copy of Process Receipt and Return


Date: 7-22-19

_____
Rogelio Dizon